153 So. 537

**BROWN v. BROWN.**

No. 32052.

Feb. 26, 1934.

Ernest J. Robin, of New Orleans, for appellant.

Leo W. McCune, of Gretna, for appellee.

OVERTON, Justice.

Plaintiff, on November 18, 1905, obtained a divorce from defendant in Chicago. The judgment of divorce included a decree for permanent alimony in the sum of $10 a week. At the time the suit was brought, plaintiff was a resident of Chicago. Defendant had resided there also, Chicago having been the matrimonial domicile of the parties, but defendant, prior to the suit, left and came to this state, establishing his domicile at Kenner, where it has remained ever since.

The present suit is to recover past-due alimony, amounting, it is alleged, to $9,400, after deducting $1,200, the value of improved real estate, transferred by defendant to plaintiff, and after deducting $5 a week for fourteen years, acknowledged to have been paid plaintiff at divers times following the judgment of divorce and prior to November 30, 1919.

The answer to the suit admits the granting of the divorce and the allowance of alimony for plaintiff and her children, the latter being now majors, and avers that the consideration for the transfer of the real estate with the improvements thereon (for which plaintiff, as stated above, has given defendant credit for $1,200) was the settlement in full for the balance of all alimony awarded whether past due or later to mature.

The plea that the alimony, now demanded, was settled by the transfer of the real property to plaintiff is largely dependent for maintenance on the recitals of the deed and on the oral evidence given by defendant.

In the deed of the realty to plaintiff the consideration is declared to be "the sum of alimony due grantee and other considerations in hand paid." It will be observed that although plaintiff sues for alimony that was due prior to the execution of the deed, the deed, which she tacitly accepted, recites that the consideration, in part, was alimony that was due in contradiction of the allegations of her petition. That the recital in the deed is correct is supported by the evidence of defendant. As to future alimony, under the judgment, defendant, to support his contention that this was also settled by the deed, invokes the expression, "and other considerations in hand

paid," as intended to include future alimony, and his testimony lends support to that view. The circumstance that the two minor children of the marriage, mentioned in the decree for alimony, had, at the time of the execution of the deed, long since attained their majority, also supports that view. Plaintiff, in her testimony, denies that the transfer included future alimony as part of the consideration, but offers no satisfactory explanation as to why the expression is in the deed. The fact that plaintiff permitted some ten years to elapse before bringing this suit also supports that view. It may be observed that following the transfer plaintiff leased the property to defendant for $15 a month, and later for $10 a month, and that defendant still occupies it as lessee. It is acknowledged by plaintiff that the rent was paid up to within one year prior to the institution of this suit.

The trial judge, after hearing the evidence, rendered judgment in favor of defendant, rejecting plaintiff's demand. The record does not impress us that there is sufficient reason to disturb his ruling.

The judgment is affirmed.

ST. PAUL, J., absent.